PENNSYLVANIA COAL CO. v. The QUEEN VICTORIA.

[22 Betts' D. C. MS. 113.]

District Court, S. D. New York. Oct. Term, 1855.

COLLISION—VESSELS MEETING IN EAST RIVER — RULE FOR PASSING.

In admiralty.

---

PENNSYLVANIA CO. (PIERCE v.). See Case No. 11,146.

PENNSYLVANIA INS. CO. (CRUDER v.). See Case No. 3,452.

PENNSYLVANIA INS. CO. (GRAHAM v.). See Case No. 5,674.

PENNSYLVANIA MUT. LIFE INS. CO. (BIRD v.). See Case No. 1,430.

---

## Case No. 10,953.

PENNSYLVANIA R. CO. v. NEW YORK & L. B. R. CO.

[18 Int. Rev. Rec. 142.]

Circuit Court, D. New Jersey. May, 1873.

CONSTITUTIONAL LAW—BRIDGES—NAVIGABLE STREAM WITHIN A STATE.

[1. The act of a state legislature providing for the bridging of a navigable stream within the state is not in conflict with the constitutional power of congress to regulate foreign and interstate commerce, unless in a case where congress has exercised that power by special enactment, and the state act is in conflict therewith.]

[2. The state of New Jersey by its contract with the Delaware & Raritan Canal Company did not thereby disable itself from afterwards passing an act providing for the bridging of the Raritan river.]

In the case of the Pennsylvania Railroad Company against the New York & Long Branch Railroad Company—argued the 28th, 29th, and 30th of May last, at Pittsburg, before McKENNAN, Circuit Judge, and NIXON, District Judge. This is an injunction bill filed by the complainants to restrain the defendants from constructing a bridge over the Raritan river. The judge proceeded first to speak of the history of the river, and giving its courses, pronouncing it a link in the chain of inland water communication between the cities of New York and Philadelphia—extending from Bordentown to New Brunswick, connecting the Delaware and Raritan. The claim of the defendants was next stated to exist under an act of the legislature, approved April 8, 1868.

The claimants deny the constitutionality of

the law, and must therefore maintain these three propositions: (1) That the matter or subject in controversy is within the legislative jurisdiction of the national government. (2) That congress has in fact legislated on the subject, and embraced it within the regulations established by law. (3) That the party impeaching the state legislation has acquired rights in the subject matter which is in dispute, and that these rights have been invaded by such legislation.

The whole question in issue is embraced in the consideration of this: Whether the present case is one where the state, either by the action of congress or in the exercise of its power to regulate commerce, or by its own legislation, has been divested of its sovereignty over a public river within its borders, and this may be resolved by considering: (1) Whether the law authorizing the construction of the bridge is within the scope of the power of the state; and, if this inquiry is answered in the affirmative (2), whether the state by contract with the Delaware & Raritan Canal Company has disabled itself from exercising its constitutional power.

The judge then proceeded to the discussion of these several points, and in regard to the first point reiterated the doctrine generally held that the state had not surrendered to the general government its right to bridge the navigable streams within its borders, that such legislation was only unconstitutional when it came in collision with the exclusive jurisdiction of congress in the regulation of foreign and interstate commerce, and in the present case there had been no expression of the national will, in regard to the waters of the Raritan, conflicting with the law under which the defendants justified their action. Numerous authorities were cited showing the relative powers of the national and state governments. Among the matters not surrendered by a state were the right to regulate its internal commerce. The authority to build a bridge over a navigable stream falls within the police power of a state, and is as absolute as the commercial power in congress. The point as to whether there had been any national legislation over the waters of the Raritan to which the law of the state authorizing the bridge must yield, was next examined at length. A number of interesting facts and authorities were produced, and the judge yields to these authorities, and holds that it is within the scope of the power of New Jersey to authorize the erection of the bridge in controversy.

The last inquiry was whether the state by contract with the Delaware & Raritan Canal Company has disabled itself from exercising its constitutional power? The contract between the state and the canal company was examined—its object stated to perfect an expeditious and complete line of communication from Philadelphia to New York. It is not obvious from a review of the charter, that the legislature had in its mind the es-

tablishment of a water communication between Philadelphia and New York, and intended to confer upon the company the means of completing it. There was no exclusive right to collect tolls on the rivers; in respect to them, there is no abridgement of the public rights to navigate them. The charter, therefore, contains no grant which impairs the right of the state to legalize the erection of the bridge in controversy. The sovereignty of the state over the river is unsurrendered, except as to the authority to improve its navigation, and that authority does not carry with it any privileges of navigation that the public do not equally enjoy. The legislature has decided that a bridge over the river, containing one draw of not less than one hundred feet in width, will be of greater benefit to the state than any obstruction which its building may cause will be a loss or injury. The defendants are constructing their bridge with a pivot draw, having two openings of one hundred feet each on the clear, and in this respect are more liberal in providing facilities for passing and repassing than the legislature of the state required.

After some remarks about the location, which is left in the law to the discretion of the defendants, the judge said the preventive relief asked for must be denied, and the bill dismissed with costs.

[See Easton v. New York & L. B. R. Co., Case No. 4,259.]

PENNSYLVANIA R. CO. (DOWDALL v.). See Case No. 4,038.

PENNSYLVANIA R. CO. (KELSEY v.). See Case No. 7,679.

PENNSYLVANIA R. CO. (LOCK v.). See Case No. 8,438.

PENNSYLVANIA R. CO. (LOCOMOTIVE ENGINE SAFETY TRUCK CO. v.). See Case No. 8,453.

PENNSYLVANIA R. CO. (SHERMAN v.). See Case No. 12,769.

PENNSYLVANIA R. CO. (WARNER v.). See Case No. 17,186.